## N. Y. COMMON PLEAS.

JOHN EGAN, plaintiff and appellant, agt. JAMES F. THOMSON, defendant and respondent.

*Voluntary offer to contribute to a particular person for a particular purpose — What is a good consideration — can it be enforced by any one other than the person named in it?*

Defendant addressed a letter to H., offering to contribute the expense of cost of boxes for B.'s election, with a promise to pay check on presentation at defendant's office:

*Held,* that said letter authorized H. to employ any carpenter to make the boxes; and the plaintiff having been so employed, and having done the work relying upon the letter, had a right to look to defendant for payment.

*General Term, November, 1878.*

APPEAL from judgment entered upon an order of Mr. justice ROBINSON, dismissing the plaintiff's complaint, at trial term, upon the ground: First. That the defendant's offer was made to William Haw, Jr., and that no one else could enforce it; and, second, that the offer was void for the want of consideration.

The following is a copy of the agreement sued on:

"NEW YORK, *Nov'r. 3d,* 1877.

WM. HAW, JR., Esq.:

MY DEAR SIR. — I will contribute the expense of boxes for Benj. Beyea, candidate for assembly, twenty-first district, not to exceed three dollars per district; on presentation of bill at my office, check will be paid.

Yours, very truly.

JAMES F. THOMSON."

*Hall & Blandy,* for the appellant.

I. The agreement was not void for the want of consideration (*Barnes* agt. *Perrine,* 12 *N. Y.,* 23; *Willetts* agt. *Sun Mutual Insurance Co.,* 45 *N. Y.,* 45; 6 *Am. Rep.,* 31; *Adams* agt. *Hanness,* 62 *Barb.,* 326; *Hammon* agt. *Shepard,* 40 *How. Pr.,* 452; 29 *id.,* 188; *Cope* agt. *Atkinson,* 8 *Exch.,* 185, 187, *note*).

II. Haw had authority to transfer the agreement, and, having transferred it to the plaintiff, and he having made the boxes, relying upon the agreement, has a right to recover (*Van Rensselaer* agt. *Aiken,* 44 *N. Y.,* 126; *see, also, Eastern Plank Road Co.* agt. *Vaughn,* 20 *Barb.,* 155; *Muller* agt. *Mitchell,* 70 *N. Y.,* 437; *Lawroson* agt. *Mason,* 3 *Cranch,* 492).

III. The contract was transferable, and plaintiff, on showing compliance with its terms, can recover, though not named in it (*Hays* agt. *Willis,* 4 *Daly,* 261 *and cases there cited; Wait's Actions and Defenses, vol.* 1, *pp.* 355, 356, 357 *and cases there cited*).

It could be assigned orally, and Haw would then be divested of all right to sue defendant (*Marcus* agt. *St. Louis Mut. Life Ins. Co.*, 68 *N. Y.*, 625 ; *Sheridan* agt. *Mayor*, &c., 68 *N. Y.*, 30).

*Alexander Thain*, of counsel (*James S. Greves* attorney), for respondent.

I. (*a.*) The agreement is not addressed to the plaintiff, does not constitute a contract and is not evidence of any contract between plaintiff and defendant.

(*b.*) It is not a direction to plaintiff to make boxes ; it is a mere offer to contribute to the treasury of an association.

(*c.*) There is no definite promise by defendant or acceptance by plaintiff.

(*d.*) Defendant was a stranger to the plaintiff and to the paper and there is no privity (*Simson* agt. *Brown*, 68 *N. Y.*, 355.)

II. The paper lacks the elements of a contract (1 *Chitty on Contracts* [11*th ed.*], 11). There was no consideration for any promise as in *Farley* agt. *Cleveland* (4 *Cow.*, 432) and *Simson* agt. *Brown* (68 *N. Y.*, 355).

III. Haw could not even maintain an action upon this agreement, because :

(*a.*) There was no consideration for the offer.

(*b.*) There is no evidence that Haw assented to, or accepted, the offer or acted upon it.

(*c.*) No recovery can be had on the agreement (*Stewart* agt. *Trustees of Hamilton College*, 2 *Denio*, 403 ; *S. C.*, 1 *N. Y.*, 581 *and cases cited*).

IV. But even if Haw could recover the plaintiff cannot, because :

(*a.*) There is no assignment to the plaintiff.

(*b.*) The paper does not constitute Haw defendant's agent (*Raney* agt. *Weed*, 6 *Sand.*, 577).

(*c.*) There is no evidence that Haw directed or authorized the plaintiff to make the boxes.

Egan agt. Thomson.

VAN HOESEN, *J.* — Thomson's letter to Haw shows clearly that Thomson expected Haw to procure the boxes and to induce some carpenter to build them by promising that the boxes would be paid for when the bill for them was presented at Thomson's office.

If Haw was not to order the boxes, why did Thomsom refer to the presentation of a bill for them at his office ?

If Thomson intended merely to send to Haw a contribution towards the expense of Beyea's canvass, there would have been no propriety in his saying any thing concerning the bill.

A request from Thomson to Haw to contract for the boxes and a promise by Thomson to pay not more than three dollars per district for the boxes furnished, appearing on the face of the letter, or being naturally implied by its terms, I think Haw had power to employ a carpenter to build the boxes, and that any carpenter, hired by Haw, who built the boxes, relying upon the promise contained in the letter, had the right to look to Thomson for his pay. It appears that the letter was handed by Haw to Egan, who then went on and finished the boxes.

No question is made respecting the delivery. I think the plaintiff, upon the evidence, made out a case, which, within the decisions hereinafter cited, entitled him to a verdict (*Trustees of Hamilton College* agt. *Stewart*, 1 *N. Y.*, 581 ; *Barnes* agt. *Perrine*, 12 *N. Y.*, 18 ; *Van Rensselaer* agt. *Aiken*, 44 *N. Y.*, 126).

The judgment should be reversed, a new trial ordered, with costs to abide event.

DALY, C. J., concurred.

Judgment reversed.